Thomas P. Valet (4021)
Rappaport Glass Levine & Zullo, LLP
1355 Motor Parkway
Islandia, New York 11749
Telephone:   (631) 293-2300
Fax:         (631) 293-2918
Email:       tvalet@rapplaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

NEW YORK EASTERN DISTRICT

| | |
|---|---|
| JOHN SPIZZIRRI,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | File No: 20-2685<br><br><br><br>**COMPLAINT** |

Plaintiff, by and through his attorneys, Rappaport, Glass, Levine & Zullo LLP, respectfully alleges upon information and belief, the following:

**JURISDICTION AND VENUE**

1. Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not given administrative disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

## FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE

2. Prior to the commencement of this action, Plaintiff John Spizzirri presented an Administrative Tort Claim for Damage, Injury or Death (Standard Form 95) to the UNITED STATES OF AMERICA, Department of Veterans Affairs, Regional Counsel, Brooklyn VA Medical Center, 800 Poly Place, Bldg. 14, Brooklyn, NY 11209. The claim was acknowledged and was assigned Claim No. GCL #434010.

3. This action was commenced within 6 months of the date of the administrative denial of the aforesaid claim.

4. Plaintiff John Spizzirri is a citizen and resident of the State of New York, County of Suffolk, within this Judicial District.

5. Upon information and belief, defendant UNITED STATES OF AMERICA, at all times mentioned herein, owned, operated, maintained, staffed and controlled a medical facility known as the Veterans Affairs Medical Center, Northport Health Care System (hereinafter "VAMC-NORTHPORT"), within this judicial district.

6. Upon information and belief, the physicians, surgeons, nurses, attendants, anesthesiologists, nurse anesthetists, assistants, consultants, staff members, and other medical care providers at the VAMC-NORTHPORT were the ostensible agents, actual agents and employees of the Defendant UNITED STATES OF AMERICA, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant UNITED STATES OF AMERICA.

7. That Plaintiff John Spizzirri came under the care of VAMC-NORTHPORT and the afore-mentioned physicians, surgeons, nurses, attendants, assistants, consultants and other

health care providers at the VAMC-NORTHPORT, to examine, diagnose and provide care and treatment to him. The Defendant, through its agents and employees, undertook and agreed to care for and treat the Plaintiff, thereby creating a duty of care to Plaintiff John Spizzirri. Among the condition for which Plaintiff presented himself to the VAMC-NORTHPORT were for injuries to his right leg.

8.  On or about April 14, 2019, while in the processes of taking radiologic studies/x-rays/CT scans of the Plaintiff, the Defendant, its agents, employees, servants and health care providers dropped Plaintiff to the floor from the gurney/table/bed/stretcher on which they had placed him, causing injury his right shoulder. He was subsequently diagnosed with a fractured shoulder.

9.  That in the aforementioned treatment of Plaintiff John Spizzirri and specifically with respect to the careless manner in which the Defendant, its ostensible its agents, actual agents, and employees, dropped Plaintiff from his gurney, the Defendant negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other hospitals, physicians, nurses, attendants, assistants, consultants and contractors in the same or similar locality.

10. Defendant, its ostensible agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in care and treatment of Plaintiff, John Spizzirri in that they failed to properly treat him in accordance with ordinary and customary medical standards; failed to act reasonably in their care and treatment of the Plaintiff; failed to properly position Plaintiff on the gurney/table/bed/stretcher on which they had placed him; failed to properly secure Plaintiff on the gurney/table/bed/stretcher; failed to properly move and/or transfer Plaintiff onto and off of the gurney/table/bed/stretcher; used improper technique or

methods to move and/or transfer Plaintiff onto and off the gurney/table/bed/stretcher; failed to have proper personnel needed to safely move and/or transfer the Plaintiff from the gurney/table/bed/stretcher; dropped Plaintiff during his transfer from the radiologic scanner bed to a gurney/table/bed/stretcher; and otherwise departed from accepted standards of medical care in the treatment given to the Plaintiff, John Spizzirri.

11. As a proximate result of the aforesaid negligence and medical malpractice, the Plaintiff sustained a fracture of his right shoulder; suffered impairment and limitations of the movement and use of his right arm and shoulder; has experienced and will continue to experience pain and suffering and suffered loss of enjoyment of life as a result of his injuries.

12. That by reason of the foregoing, Plaintiff John Spizzirri has been damaged in a sum not to exceed $2,000,000.00.

**SECOND CAUSE OF ACTION FOR ORDINARY NEGLIGENCE**

13. Plaintiff repeats the prior paragraphs of this Complaint as if fully set forth herein.

14. The conduct of the Defendant, its ostensible agents, servants, physicians, staff members, employees and/or independent contractors constitutes ordinary negligence in that the Defendant failed to act in a reasonable manner in dropping Plaintiff from the gurney and failing to take reasonable steps to prevent his fall; failed to properly position Plaintiff on the gurney/table/bed/stretcher on which they had placed him; failed to properly secure Plaintiff on the gurney/table/bed/stretcher; failed to properly move and/or transfer Plaintiff onto and off of the gurney/table/bed/stretcher; used improper technique or methods to move and/or transfer Plaintiff onto and off the gurney/table/bed/stretcher; failed to have proper personnel needed to safely move and/or transfer the Plaintiff from the gurney/table/bed/stretcher; dropped Plaintiff during his

transfer from the radiologic scanner bed to a gurney/table/bed/stretcher; and were otherwise negligent in the manner in which they treated Plaintiff, John Spizzirri.

15. As a proximate result of the aforesaid negligence, the Plaintiff sustained a fracture of his right shoulder; suffered impairment and limitations of the movement and use of his right arm and shoulder; has experienced and will continue to experience pain and suffering and suffered loss of enjoyment of life as a result of his injuries.

16. That by reason of the foregoing, Plaintiff John Spizzirri has been damaged in a sum not to exceed $2,000,000.00.

**WHEREFORE**, plaintiff demands judgment against Defendant, United States of America in the amount of $2,000,000.00 on the First Cause of Action and $2,000,000.00 on the Second cause of Action, together with the interest, costs and disbursements of this action; and an award of such other and further relief as this Court may deem just and proper.

Dated: June 17, 2020

**RAPPAPORT, GLASS, LEVINE & ZULLO, LLP**
*Attorneys for Plaintiff*

_____
By: Thomas P. Valet, Esq.
1355 Motor Parkway
Islandia, New York 11749
Telephone:   (631) 293-2300
Fax:              (631) 293-2918
Email:           tvalet@rapplaw.com